UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
RAYCHEL FONTIL,                                             :
                                      Plaintiff,            :            23 Civ. 5528 (LGS)
                                                            :
              -against-                                     :
                                                            :                ORDER
JUDGE LAURA TAYLOR SWAIN,                                   :
                                      Defendant.            :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Raychel Fontil, a resident of Florida, brings this pro se action, for which the

filing fee has been paid.  The Court dismisses the amended complaint (the "Complaint") because

"it lacks an arguable basis either in law or in fact."  *See Frein v. Pelosi*, No. 22-1063, 2023 WL

2530453, at *1 (2d Cir. Mar. 16, 2023) (summary order) (defining a legally frivolous complaint).

I.      BACKGROUND

        Plaintiff asserts that her father is Philander Philippeaux, whose criminal proceedings were

held in the Southern District of New York.  The case docket shows that a jury found Philippeaux

guilty of conspiracy to distribute and possess with intent to distribute cocaine, and narcotics

importation conspiracy.  Judge Robert W. Sweet, who presided over Philippeaux's criminal case,

sentenced Philippeaux to 211 months' incarceration.  Philippeaux appealed his conviction to the

United States Court of Appeals for the Second Circuit, and on September 25, 2017, the Second

Circuit affirmed the conviction.

        On July 11, 2018, Philippeaux moved under 28 U.S.C. § 2255 to vacate the conviction.

On April 8, 2019, the § 2255 motion and underlying criminal case were reassigned to Judge

Ronnie Abrams.  On March 9, 2020, Judge Abrams adopted a magistrate judge's report and

recommendation that the motion be denied.  Philippeaux appealed that denial, and on July 17, 2020, the Second Circuit dismissed the appeal, holding that Philippeaux had "not made a substantial showing of the denial of a constitutional right."  *Philippeaux v. United States*, No. 20-1403, 2020 WL 4345201, at *1 (2d Cir. July 17, 2020) (citing 28 U.S.C. § 2253(c)).

This is the second civil rights complaint that Plaintiff, Philippeaux's daughter, has filed in connection with Philippeaux's criminal matters.  The following facts are drawn from the Complaint filed in this action, on July 27, 2023, and the complaint filed in *Fontil v. Abrams*, No. 23 Civ. 4875, 2023 WL 3996664, at *2 (S.D.N.Y. June 14, 2023) ("*Fontil I*") (dismissing complaint as legally frivolous).  The Court assumes familiarity with the June 14, 2023, order of dismissal in *Fontil I*.

A.      ***Fontil I***

In *Fontil I*, the complaint alleged that Judge Abrams violated Philippeaux's rights while presiding over proceedings relating to his § 2255 motion, resulting in his false imprisonment. The complaint alleged that Judge Abrams "continuously den[ied]" Philippeaux's attempts to challenge the source of the court's jurisdiction over him without addressing the substance of his objections.  Plaintiff sought an order: (1) enjoining Judge Abrams "from continuing to falsely imprison" Philippeaux; (2) directing Judge Abrams to "establish the source of the court's jurisdiction" and (3) releasing Philippeaux immediately.

Attached to the complaint in *Fontil I* is a transcript from an April 15, 2013, grand jury proceeding involving Philippeaux (the "Transcript").  The complaint asserted that the Transcript shows that (1) Philippeaux "is falsely imprisoned," and (2) Judge Abrams committed "willful blindness as she is fully apprised of the facts surrounding Mr. Philippeaux's false imprisonment . . . . [as she] is in possession of the grand jury testimony's transcript[.]"  The complaint further

asserted that the transcript presented "undeniable proof that [Philippeaux] was never indicted of a crime against the United States," and was "irrefutable evidence" of his false imprisonment.

By order dated June 14, 2023, Chief Judge Laura T. Swain *sua sponte* dismissed the complaint as legally frivolous for the following reasons: (1) a claim addressing the fact or duration of a prisoner's confinement must be brought in a motion filed under § 2255, and not in a civil rights action; (2) Philippeaux had already sought § 2255 relief, and any application to file a second or successive § 2255 motion must be filed in the United States Court of Appeals for the Second Circuit; (3) in light of Philippeaux's prior § 2255 motion, Plaintiff could not show that inaccessibility, mental incompetence or other disability had prevented him from seeking such relief on his own behalf; (4) insofar as Plaintiff sought Philippeaux's release, the proper defendant would be the United States of America, not Judge Abrams and (5) in any event, Judge Abrams was immune from any civil action seeking injunctive relief under the doctrine of judicial immunity:

> Although judicial immunity does not absolutely bar a claim for prospective injunctive relief against a judicial officer acting in her judicial capacity, *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), in the Federal Courts Improvement Act of 1996 ("FCIA"), Congress amended 42 U.S.C. § 1983 to provide that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983, as amended by FCIA, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996); *see Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997) (applying Section 309(c) of the FCIA to cases involving federal judicial officers) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

> Here, Plaintiff does not allege that any declaratory decree was violated or that declaratory relief was unavailable to her. Indeed, Plaintiff cannot allege as much because she cannot seek her father's release from custody in this civil action; as such, these two exceptions to the application of judicial immunity do not apply.

> Judge Abrams is therefore immune from any liability in this action, and consequently, the complaint is dismissed as frivolous. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*,

490 U.S. 319, 327 (1989))); *see, e.g.*, *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915); *Sibley v. Geraci*, 858 F. App'x 415, 417 (2d Cir. 2021) (summary order) (affirming district court's dismissal of the plaintiff's claims against a federal judge under the doctrine of judicial immunity as frivolous).

*Fontil I*, 2023 WL 3996664, at *2-3. The *Fontil I* order also noted the following:

> As Judge Abrams is a federal judicial officer, Section 1983 does not apply to her because that statute covers state and municipal actors. Where a plaintiff alleges that her constitutional rights were violated by employees of the federal government, courts generally construe such allegations as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].") Federal courts have analogized *Bivens* claims to those brought under Section 1983. Accordingly, Section 309(c) of the FCIA applies in cases involving federal judicial officers. *See Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

*Id.* at *2 n.3.

In the *Fontil I* order, Chief Judge Swain referred to the transcript as a "partial transcript."

*Id.* at *2. On June 28, 2023, the same day that Plaintiff filed the first complaint in this case, she filed in *Fontil I* an "emergency motion to correct erroneous order," challenging the description of the transcript as a "partial transcript." By order dated July 5, 2023, Chief Judge Swain issued an order partially granting the relief Plaintiff sought:

> Specifically, the Court characterized a Grand Jury transcript attached to the complaint as "partial" because the attached transcript had referenced other related Grand Jury proceedings. Plaintiff did attach, however, the entire transcript from the April 15, 2013, 4:15 p.m., Grand Jury proceeding. Thus, Plaintiff is correct that the attached transcript from that specific proceeding was not partial. The Court therefore grants Plaintiff's motion to correct the record to the extent that the Court mischaracterized Plaintiff's attachment as being "partial."

### B.      This Action

In this Complaint naming Chief Judge Swain as the sole defendant, Plaintiff claims that, in describing the transcript as a "partial transcript" in the *Fontil I* dismissal order, Chief Judge Swain "lied" about the transcript and failed to take "judicial notice" of it, "for the sole purpose of preventing the issuance of a summons" and "blocking" Plaintiff from obtaining relief.  Plaintiff claims also that Chief Judge Swain's July 5, 2023, order partially granting relief "removed [Chief Judge Swain's] blatant lie" and "replaced it with a new lie."  Plaintiff alleges that the July 5, 2023, order's statement that "the attached transcript from that specific proceeding was not partial . . . suggest[ed] there were other proceedings" but that "there was no other grand jury proceeding that ever took place thus [Chief J]udge Swain blatantly lied."  Plaintiff invokes 42 U.S.C. §§ 1983, 1988, and the Fifth and Fourteenth Amendments to the United States Constitution.  Plaintiff seeks an order: (1) for "Declaratory and Preliminary and Permanent Injunctive relief, to enjoin [Chief Judge Swain] from continuing to lie about" the transcript; (2) directing Chief Judge Swain to "take judicial notice of" the transcript "attached hereto in its entirety without missing parts" and (3) directing Chief Judge Swain "to take judicial notice of" the transcript "regardless of if any other proceedings took place.  And for [Chief J]udge Swain to provide all other missing transcripts of any other proceeding that ever took place which would corroborate her statement that: 'Plaintiff is correct that the attached transcript from that specific proceeding was not partial.'"

## II.    LEGAL STANDARD

A court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous as that term is defined under the law, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that

"district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"); *accord Frein v. Pelosi*, No. 22-1063, 2023 WL 2530453, at *1 (2d Cir. Mar. 16, 2023), or if the court lacks subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard."[1] *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994); *accord Moroshkin v. Dietsche*, No. 22-487, 2022 WL 16570779, at *1 (2d Cir. Nov. 1, 2022). Pro se pleadings, however, "must be construed liberally [by a court] and interpreted to raise the strongest [claims] that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).

## III.   DISCUSSION

Because the Complaint alleges a constitutional claim against a federal actor, the Court construes the Complaint as asserting claims under *Bivens*, 403 U.S. 388, rather than § 1983. This Court does so for the same reasons set forth in the *Fontil I* dismissal order. Normally, claims asserted under *Bivens* must be for monetary damages only. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007); *accord Haynes v. Foschio*, No. 21-1767, 2022 WL 433337, at *1 (2d Cir. Feb. 14, 2022). Here, Plaintiff purports to seek declaratory and injunctive relief.

As discussed in *Fontil I*, under a 1996 amendment to § 1983, injunctive relief is unavailable against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005) (quoting 42 U.S.C. § 1983); *accord Dekom v. Fannie Mae*, 846 F. App'x 14, 19 (2d Cir. 2021). While this provision normally precludes injunctive relief claims against state court judges, federal courts

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

6

have applied it to preclude such claims against federal judges. *See, e.g.*, *Nieves v. Liman*, No. 20 Civ. 9503, 2020 WL 7248856, at *3 (S.D.N.Y. Dec. 7, 2020); *Lasher v. Buchwald*, No. 18 Civ. 1829, 2018 WL 11300266, at *3 (S.D.N.Y. Mar. 23, 2018). Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. Accordingly, Plaintiff's claims for injunctive relief are dismissed.

The relief Plaintiff seeks relates to Chief Judge Swain's dismissal order in *Fontil I*. This request is without merit. The proper procedure for seeking review of a dismissed action is to move for reconsideration in that case[2] or pursue an appeal in the United States Court of Appeals for the Second Circuit, *see* Fed. R. App. P. 4, not to file a new action or sue the judge who issued the order. *Hudson v. Town of Pine Plains-Just. Christie Acker*, No. 12 Civ. 5548, 2012 WL 13208570, at *3 (S.D.N.Y. Sept. 12, 2012) (noting that a Section 1983 "litigant's remedy is to appeal, not to sue the judge" who issued an adverse ruling). Plaintiff also is not entitled to declaratory relief arising from her claims against Chief Judge Swain because she seeks such relief based on the judge's past conduct. *See Shtrauch v. Dowd*, 651 F. App'x 72, 74 (2d Cir. 2016) (holding that the plaintiff was not entitled to declaratory relief because he alleged "only past conduct and does not seek to prevent an ongoing or future violation of federal law" (relying on *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996))); *accord Brik v. Brodie*, No. 23 Civ. 4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023).

Finally, Plaintiff purports to seek relief under 42 U.S.C. § 1988. Section 1988 allows a prevailing party in an action enforcing certain civil rights laws to recover reasonable attorneys' fees. *See* 42 U.S.C. § 1988(b). Section 1988 is not a basis for jurisdiction. Rather, it is a law that provides for awards of reasonable attorneys' fees in certain cases. In any event, individuals

---

[2] Plaintiff obtained the relief she seeks by filing such a motion in *Fontil I*.

who are proceeding pro se are not entitled to attorneys' fees under § 1988. *See Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991); *accord U.S. Dep't of Just., Tax Div. v. Hudson*, 626 F.3d 36, 39 (2d Cir. 2010); *Mortimer v. Grodsky*, No. 22 Civ. 6926, 2022 WL 4096609, at *4 (S.D.N.Y. Sept. 6, 2022). Plaintiff therefore does not state a claim under § 1988 upon which relief may be granted.

## IV.   LEAVE TO AMEND

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *accord Liverpool v. City of New York*, No. 20 Civ. 4629, 2023 WL 2746124, at *5 (S.D.N.Y. Mar. 31, 2023). In addition, the exact degree of solicitude that should be afforded to a pro se litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *accord Fahey v. Breakthrough Films & Television Inc.*, No. 21 Civ. 3208, 2022 WL 4547438, at *5 (S.D.N.Y. Sept. 29, 2022). A frequent pro se litigant may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal requirements); *accord Prince v. Fed. Rsrv. Bank of New York*, No. 22 Civ. 9394, 2023 WL 4080652, at *2 (S.D.N.Y. June 20, 2023).

Because the defects in Plaintiff's Complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her Complaint. This is the second civil rights complaint that Plaintiff has filed seeking relief in connection with her father's criminal proceedings. The Court finds that when Plaintiff filed this action, she was or should have been

aware of its deficiencies.  *See Sledge*, 564 F.3d at 109-110; *Prince,* 2023 WL 4080652 at *2. Plaintiff is warned that further nonmeritorious or duplicative litigation in the Southern District of New York may result in an order directing her to show cause why she should not be enjoined from filing any new actions that relate to her father's criminal proceedings, regardless of the relief sought or whether she pays the fees or seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1651.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED**.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *accord Wilson v. Doe*, No. 21 Civ. 9619, 2023 WL 2043727, at *6 (S.D.N.Y. Feb. 16, 2023).

The Clerk of Court is respectfully directed to close this case and to mail a copy of this Order to the pro se Plaintiff.

Dated:  August 1, 2023
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE